Filed 7/22/15

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

----

| | |
|---|---|
| DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Petitioner,<br><br>v.<br><br>WORKERS' COMPENSATION APPEALS BOARD and SVETLANA THOMPSON,<br><br>Respondents. | C078345<br><br>(WCAB No. ADJ7807167) |

ORIGINAL PROCEEDING; petition for writ of review from an order granting reconsideration and decision after reconsideration of the Workers' Compensation Appeals Board. Annulled and remanded with directions.

Lisa A. Liebson, Mary R. Huckabaa and Cynthia J. Woekle for Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Adams, Ferrone, Ferrone and John A. Ferrone for Respondent Svetlana Thompson.

The Workers' Compensation Appeals Board (WCAB) issued an opinion after the grant of a motion for reconsideration of the Department of Corrections and Rehabilitation (Department). The WCAB opinion upheld the finding of its hearing officer that there

1

was an industrial cause for the death of Gregory Thompson (decedent), and the award of a workers' compensation death benefit to Svetlana Thompson (widow). The Department sought a writ of review challenging the failure of the WCAB to address its claim that the hearing officer failed to adjudicate the widow's petition to determine her entitlement to special death benefits under the public employees' retirement system (PERS). (Gov. Code, §§ 21537, 21541.)[1] We issued the writ, and after plenary review will annul the WCAB's decision.[2] (Lab. Code, §§ 5950, 5952.)

## FACTUAL AND PROCEDURAL BACKGROUND

The Department does not contest the finding that the death of Gregory Thompson was causally related to the industrial injury. As a result, we do not need to provide more than a brief sketch of the underlying substantive facts.

In February 2011, the 51-year-old decedent was working at High Desert State Prison in Susanville as a guard. An inmate stabbed him eight times in the neck, shoulder, and arm. This resulted in a stipulated award of a 44 percent permanent disability to his

---

[1] Undesignated statutory references are to the Government Code.

[2] After we solicited a waiver of oral argument from the parties, they filed a stipulation for dismissal of the writ of review. However, the acceptance of a stipulation to dismiss after the record is lodged with this court is subject to our discretion. (Cal. Rules of Court, rule 8.244(c)(2); 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 735, p. 800.) We have the inherent authority to retain the matter in the interests of justice, where there is an important issue, and where the effect of accepting the stipulation "would make it possible for the respondent to obtain the benefits of a judgment to which, in equity and good conscience, he is not entitled." (*DeGarmo v. Goldman* (1942) 19 Cal.2d 755, 769; accord, *City of Morgan Hill v. Brown* (1999) 71 Cal.App.4th 1114, 1121, fn. 5.)

In the present case, regardless of whether the parties have resolved the dispute between them, we are presented with an agency that has disregarded its statutory duties, resulting in the award of workers' compensation death benefits to the widow in excess of that to which the Legislature has determined she is entitled. In the interests of justice, we therefore retain the matter in order to direct the WCAB to resolve it properly.

2

neck and psyche. As a result of his injuries, he accepted a medical demotion to an entry-level computer analyst position in December 2012 in the information technology department of the prison's medical unit, forfeiting his peace officer status. He had a troubled relationship with his supervisor, who told him he was not passing probation. In March 2013, he committed suicide by means of a self-inflicted gunshot wound.

The widow filed her application for workers' compensation death benefits in April 2013. In August 2013, she petitioned for a finding of fact pursuant to section 21537 that the death was industrial, qualifying her for a PERS special death benefit for peace officers.[3] (The Department opposed the petition on the ground that the death was a suicide.) The petition was also listed among the issues in the pretrial conference statement. A hearing was conducted in November 2013.

Labor Code section 4708 expressly provides that when a party applies for workers' compensation benefits for the death of a member of PERS, the PERS Board "shall be joined as a defendant, and the [WCAB] shall determine whether the death resulted from injury . . . arising out of and in the course of . . . employment, for the purpose of enabling the [WCAB] to apply [workers' compensation law] and [the PERS Board] to apply the provisions of [PERS law]." Nevertheless, the hearing officer never joined the PERS Board as a defendant.

By virtue of our writ of review, we now have the benefit of a transcript of the November 2013 hearing. The only reference we can find to the issue of a PERS special death benefit comes at the end of the cross-examination of the widow. The Department's

---

[3] Although WCAB regulations permit this petition to be joined with a claim for workers' compensation death benefits, it is a separate proceeding, which should have had a separate number assigned to it. (Cal. Code Regs., tit. 8, § 10405.) It does not appear that this regulation was followed. However, as the WCAB noted in its decision in this matter, this is a clerical defect and is not jurisdictional.

attorney asked whether she had applied for or was receiving one; she responded, "Yes, as of October." In response, counsel told the hearing officer that he believed this mooted the proceedings. The hearing officer stated, "I'm going to be in each of your debt because this is an area that is not one of my strong points. So, we are going to go off the record to discuss the death benefit vis-a-vis this case." The parties did not make any record of their discussion at bench.

The minutes of the hearing do not include the resolution of the petition among the issues. Notwithstanding the above exchange, they note that the widow had *not* separately applied to PERS for death benefits. The hearing officer's decision also did not include any findings on the petition for finding of fact pursuant to section 21537. It simply awarded a workers' compensation death benefit of $250,000 and set legal fees at $30,000.

The Department filed for reconsideration. Although not included in the list of grounds on the first page, it argued that Labor Code section 4707 required the WCAB to join the PERS Board in the action to coordinate the WCAB death benefits with the PERS special death benefit; the Department pointed out that the statute designates the latter as the primary benefit, with workers' compensation death benefits limited to funeral expenses and any extent to which the workers' compensation death benefits exceed a PERS special death benefit.

In his response to the petition, the hearing officer noted (again in contradiction of the reporter's transcript) that the widow had not separately applied for a PERS special death benefit. The widow's opposition asserted decedent did not qualify for the PERS special death benefit because he was not a peace officer at the time of his death, which apparently disregarded the provisions of section 21258, which state in relevant part, "For the purpose[] of . . . calculating death benefits, any member who, while in a membership category under which special benefits are provided . . . [when] a . . . death is determined

4

industrial, and thereafter, while in a membership category under which special benefits are not so payable . . . dies as a result [of an industrial injury], shall be deemed to be, at the time of the . . . death, in the membership category in which he . . . was at the time he . . . suffered the injury . . . ."

The WCAB granted reconsideration in February 2014. In December 2014, it issued its opinion and decision after reconsideration. The WCAB acknowledged the issue regarding PERS special death benefits, but stated it "*is not before us* on reconsideration. CalPERS will determine the issue of any duplicate payments." (Italics added.)

## DISCUSSION

To reiterate, a member of PERS who is a peace officer qualifies for a special death benefit paid to a surviving spouse if the death was industrial. (Gov. Code, §§ 21530, 21537, 21541.) The PERS law grants limited jurisdiction on the issue of industrial causation *to the WCAB* "in disputed cases [to] determine whether the death of a [PERS] member was industrial," using the "same procedures as in workers' compensation hearings." (Gov. Code, § 21537, subd. (a).) The workers' compensation law also generally provides a death benefit to a dependent survivor (Lab. Code, § 4702), but where the decedent is an active member of PERS "no benefits, except reasonable [burial] expenses . . . , shall be awarded . . . unless it is determined that a special death benefit . . . will not be paid by [PERS]"; however, if the PERS special death benefit is *less than* the worker's compensation death benefit, the survivor is entitled to the difference (Lab. Code, § 4707, subd. (a)). To give effect to this limitation, *the WCAB* is *directed to join* the PERS Board as a defendant and "*shall determine*" whether the death had an industrial cause to enable the WCAB "to apply the provision of this division" and the PERS Board to apply its own provisions. (Lab. Code, § 4708, italics added.) A surviving dependent is precluded from seeking the workers' compensation death benefit in lieu of the PERS

5

special death benefit.  (Gov. Code, § 21542 [choosing to receive basic PERS death benefit "precludes a claim to benefits under [Labor Code section] 4707 as the special death benefit is deemed payable by [PERS] and is irrevocable"].)

These statutory directives would seem to be straightforward.  Indeed, we have not found a case, treatise, or encyclopedia on this issue that suggests there is any alternative procedure to the two boards making a joint calculation of workers' compensation and PERS death benefits in a single proceeding after the WCAB resolves the issue of industrial causation for a death.  Other than renewing her flawed argument that decedent was ineligible for the PERS special death benefit as a matter of law (which still ignores section 21258 even after the Department cited it in its opening brief), the widow argues only that it is the PERS Board which has jurisdiction over that determination, which is a non sequitur:  That is presumably the entire point of the mandate—to join the PERS Board as a defendant in workers' compensation proceedings that involve death in the course of employment of a PERS member who is entitled to a special death benefit.

Although the hearing officer and the WCAB did not expressly rule on what is, under WCAB regulations, a petition in a separate proceeding, the WCAB's opinion nonetheless includes the necessary finding that the testimonial and medical evidence lead inevitably to the conclusion that decedent's suicide was the result of injury to his psyche arising from an industrial cause (rejecting any causal effect from posited nonindustrial intervening circumstances), even if this may not be in the technical form that the WCAB prescribes for a finding of fact pursuant to Government Code section 21537.  As a result of the WCAB's insouciant deferral of the computation issue to the PERS Board, its order awarding the *full* workers' compensation death benefit to the widow—without crediting the PERS special death benefit against it—is accordingly unauthorized under Labor Code section 4707 and cannot stand.  The WCAB opinion does not explain in its footnote *how* the PERS Board would have jurisdiction to adjust an award of *workers' compensation*

6

*death benefits* in order to "determine the issue of duplicate payments" once the PERS Board adjudicated its own benefits. Furthermore, this creates a multiplicity of proceedings contrary to the statutory scheme. As a result, we will annul the WCAB opinion and remand with directions.

## DISPOSITION

The decision of the WCAB is annulled, and the matter is remanded with directions to join the PERS Board as a defendant and calculate the coordinated death benefits within each board's purview. The Department shall recover its costs of appeal. (Cal. Rules of Court, rule 8.493(a)(1)(A).) (***CERTIFIED FOR PUBLICATION***)


                                                            BUTZ            , J.


We concur:


        BLEASE            , Acting P. J.


        NICHOLSON        , J.


7